UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN VAUGHN,<br><br>    Plaintiff,<br><br>    v.<br><br>NICKOLAS TATAR, *et al.*,<br><br>    Defendants. | Case No.  2:23-cv-0672-DC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, initially represented by counsel but now proceeding *pro se*, brought this case in April 2023, alleging that defendants breached a contract between the parties related to the sale of a Volvo truck. ECF No. 1 at 2-4.  He also claims that, in connection with the sale and alleged breach of contract, defendants breached an implied covenant of good faith and fair dealing, violated California's unfair competition laws, and made intentional misrepresentations in connection with the sale.  *Id.* at 4-6.  Defendants filed an answer on June 16, 2023.  ECF No. 7. Therein, in addition to responding to the allegations made against them, they asserted counterclaims against plaintiff for breaching the installment sale contract for the truck, breach of the trailer lease, conversion of the truck and trailer, trespass to chattels with respect to the truck and trailer, and breach of the covenant of good faith and fair dealing.  *Id.* at 14-18.  Now, nearly two years after the answer was filed, plaintiff has moved to strike several statements made by

1

defendants in their answer and counterclaim. ECF No. 36 at 2. Defendants have filed an opposition. ECF No. 37. For the reasons stated below, the motion to strike should be denied.

Under Rule 12(f) "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of this rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Here, plaintiff seeks to strike defendants' statements regarding: (1) the alleged lien disclosure; (2) excessive speeding; (3) inability to obtain insurance; and removal of a global positioning system device from the truck. ECF No. 36 at 2. He cites California code provisions and argues that these statements do not pertain to the case, that the introduction of extrinsic evidence to contradict a written contract is impermissible, that defendants' statements regarding his speeding are false, that allowing the statements to remain would prejudice his case, and that defendants' claims undermine the Uniform Commercial Code.

Plaintiff's motion to strike is frivolous. As an initial matter, it is untimely insofar as it was filed more than a year and a half after the answer, whose portions it seeks to strike. Under Rule 12(f), a motion to strike must be filed "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Second, the motion primarily relies on provisions of the California Code, which are not applicable in this federal action. *See Barroga v. Bd. of Admin. Cal. Pub. Emples. Ret. Sys.*, No. 2:12-cv-01179 MCE KJN, 2012 U.S. Dist. LEXIS 154275, *27, (E.D. Cal. Oct. 25, 2012) ("However, the California Code of Civil Procedure is not applicable in federal court, where proceedings are governed by the Federal Rules of Civil Procedure."). Finally, plaintiff's arguments are substantively unconvincing. He broadly argues that defendants' claims are false or unrelated to the claims in this suit, but he does not explain how. And alleged falsity is not a sufficient reason to strike a pleading or portion thereof. *See Novva Ausrustung Group, Inc. v. Kajioka*, No. 2:17-cv-01293-RFB-VCF, 2017 U.S. Dist. LEXIS 108614, at *3 (D. Nev. July 13, 2017).

Accordingly, it is RECOMMENDED that plaintiff's motion to strike, ECF No. 36, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3